IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG SUMMERS, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 14 CV 10174 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; ENCORE CAPITAL GROUP, INC.; and BLATT, HASENMILLER, LEIBSKER & MOORE LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court denies defendants' motions for summary judgment [43, 47] and plaintiff's motions for summary judgment [55, 62].

**DISCUSSION**

Craig Summers alleges that Midland Funding, LLC, Midland Credit Management, Inc. (collectively, "Midland"), Encore Capital Group, Inc. ("Encore"), and Blatt, Hasenmiller, Leibsker & Moore LLC ("Blatt") violated the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i(a)(2), by filing a consumer debt collection suit against him in Cook County's First Municipal District when Summers lived in the Fifth Municipal District. Before the Court are the parties' cross-motions for summary judgment. The motions have been pending for some time because, at Blatt's request, the Court deferred ruling pending the Seventh Circuit's decision in *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 15-2516, another FDCPA case.

The Court of Appeals issued an *en banc* ruling in *Oliva* on July 24, 2017, in which it held that the FDCPA's safe-harbor provision, which precludes liability for violations that result from

a debt collector's bona fide error, does not apply to a debt collector's violation of the statute's venue provision that resulted from a mistake of law based on its reliance on circuit precedent that was overruled after it had brought suit. *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 494-99 (7th Cir. 2017). That meant that the safe harbor did not protect Blatt from liability for filing a consumer debt collection suit in a Cook County municipal district other than where the consumer resided or signed the contract sued upon, even if Blatt had relied in good faith upon Seventh Circuit precedent, later overruled, in which the Court had held that the relevant judicial district was the entire county and not the smaller municipal districts within the county.[1] The only arguments defendants present in their motions for summary judgment are the bona fide error arguments that the Court of Appeals rejected in *Oliva*. Accordingly, defendants' motions for summary judgment are denied.

Plaintiff also moves for summary judgment against all defendants. He cannot obtain summary judgment in his favor unless he demonstrates that there is no genuine issue of fact as to the elements of his claim. Plaintiff must show that 1) he is a consumer, meaning that he was "obligated to pay [a] debt" incurred "primarily for personal, family, or household purposes"; 2) defendants are "debt collectors"; 3) they brought legal action on a debt; and 4) they did not bring the collection action in the judicial district in which plaintiff resided at the time of suit or signed the contract sued upon. *See Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 125 F. Supp. 3d 810, 817 (N.D. Ill. 2015) (citing 15 U.S.C. §§ 1692a, 1692i, 1692k; *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 151 (5th Cir. 2015)).

---

[1]*Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014), is the decision in which the Seventh Circuit overruled *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), by holding that the relevant judicial district for purposes of 15 U.S.C. § 1692i is the smallest geographic area for determining venue in the court system at issue. In Cook County, the smallest geographic areas are the smaller municipal districts within the county. *Oliva*, 864 F.3d at 494.

In response to plaintiff's motion, defendants contend that plaintiff has failed to establish that the debt at issue is a consumer debt; that they are debt collectors; and that plaintiff did not sign the contract giving rise to the debt in the First District, where the collection suit was filed. The first and last arguments are easily disposed of. It is undisputed that plaintiff was sued for debt on a Wal-Mart credit card issued by GE Capital Retail Bank. Credit card debt in Illinois is based on an oral contract, and the lender and debtor enter into a new agreement each time the card is used. *Browne v. John C. Bonewicz, P.C.*, No. 14 CV 6312, 2015 WL 6165033, at *2 (N.D. Ill. Oct. 20, 2015) (citing *Portfolio Acquisitions, L.L.C. v. Feltman*, 909 N.E.2d 876, 884 (Ill. App. Ct. 2009)). Therefore, there was no written contract here for plaintiff to have "signed" in any district.[2] Furthermore, plaintiff has submitted a declaration in which he states that he used the Wal-Mart account to make purchases for personal and household use only.

Nevertheless, plaintiff fails to establish that each defendant is a "debt collector," which the FDCPA defines as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3] The "debt collector" element is not typically difficult to prove; indeed, in many FDCPA cases, defendants concede that they are debt

---

[2]Blatt cites no authority for its argument that plaintiff "signed" a contract, for FDCPA purposes, each time he made a purchase with the credit card by signing a charge slip or providing an electronic signature.

[3] The Seventh Circuit has held that the purchaser of a defaulted debt is a "debt collector" under the FDCPA, even though it owns the debt and is collecting for itself. *Ruth v. Triumph P'ships*, 577 F.3d 790, 796-97 (7th Cir. 2009).

collectors. Nevertheless, Blatt, Midland, and Encore do not so concede,[4] and plaintiff fails to submit evidence that addresses whether each defendant meets one of the prongs of the statutory definition. Plaintiffs simply states that it is "obvious" that they are debt collectors, without pointing to specific evidence and explaining how it satisfies the definition. Plaintiff asserts that the complaint in the collection case "identifies Defendants as a 'debt collector,'" (Dkt. No. 79, Pl.'s Reply at 3), but the complaint refers only to Blatt and Midland Funding, LLC, not the other Midland entity or Encore, and it does not so specifically label either entity. Plaintiff's motions for summary judgment are therefore denied.

The parties are directed to reevaluate their settlement positions and exhaust all efforts to settle this case. A status hearing is set for November 21, 2017, at 9:30 a.m.

**DATE**: November 7, 2017

_____

**Ronald A. Guzmán**
**United States District Judge**

---

[4]The Court will note, however, that at the November 17, 2015 hearing on Blatt's motion—after the parties' motions were fully briefed—the parties agreed that the decision in *Oliva* would determine defendants' liability, and defendants' counsel failed to mention any of these issues they had raised in response to plaintiff's motions.